U.S. DISTRICT COURT
BRIDGEPORT CONN

Oct 31  4 03 PM '03

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:01CV-1073(JCH) |
| Plaintiff | |
| v. | |
| FOUR PARCELS OF PROPERTY LOCATED AT 28-31 BOUTON STREET, NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | October 31, 2003 |
| Defendants. | |
| [CLAIMANT: ALQUEEN BURDEN]. | |

---

### CLAIMANT ALQUEEN BURDEN'S MOTION TO ENLARGE TIME TO COMPLETE DISCOVERY AND SECOND MOTION FOR PROTECTIVE ORDER

Undersigned counsel respectfully requests that the court enlarge the time for completion of depositions in the above-referenced matter. On October 1, 2003, undersigned counsel appeared before this court with AUSA Hank Kopel. At that time, the matter of additional time for completion of discovery was taken up with the court. At that time, undersigned counsel understood both parties to be in need of additional time to complete discovery. The court was advised that the government's written discovery had been delivered that date (October 1, 2003) and that Claimant Alqueen Burden's written discovery would be delivered two days later, October 3, 2003. The court

ORAL ARGUMENT NOT REQUESTED

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837  Federal Bar No. CT08969

was advised that without the written discovery, the parties could not know what additional depositions may be needed. The court was advised that the depositions of those persons known to the parties to be needed, without the benefit of having seen written discovery responses, had been noticed for the coming weeks. The court was also advised that a combination of scheduling complications, including those relating to the transport of prisoner deponents, and the absence of AUSA Hank Kopel from the district from October 23, 2003 through November 3, 2003, was rendering impossible the completion of all anticipated depositions. The court was also advised that a motion for protective order relating to the interviews of certain witnesses would be filed by Claimant Alqueen Burden, and that motions to compel further responses may be needed.

At that time the court indicated that the parties should complete the written discovery exchange as scheduled, and take as many depositions as time would permit during the existing court schedule. The court stated that it would, thereafter, entertain motions of the parties to extend the time to complete additional depositions.

Since that time, the written discovery has been exchanged, as scheduled. Claimant Alqueen Burden's motion for protective order has been filed. All six depositions which had been scheduled before the exchange of the written discovery have been completed, including those of Alqueen Burden, Barney Burden, Les Mann (proprietor of Les New Moon Café). Also deposed were prisoners Lavon Godfrey, Willie Prezzie and Anthony Burden, all of whom undersigned counsel had expected would be witnesses for the government, without his having seen the government's written discovery responses.

Undersigned counsel has now reviewed the government's discovery, doing his best to isolate which additional witnesses he will need to depose. That review discloses approximately nine additional prisoners who it claims were witnesses to the illegal use

of the premises. It has also identified certain FBI agents who purport to be witnesses as to said illegal use. Finally, the government has responded to certain requests for identification of witnesses by making reference to the Norwalk Police Department, without identifying the specific persons within the department who purport to be the relevant witnesses.

AUSA Hank Kopel will be away from the district until November 3, 2003. In advance of his departure, undersigned counsel advised him that this motion would be made. From that discussion, undersigned counsel understands the government's position on this motion to be as follows. Based upon its review of the discovery taken to date, the government will not be seeking to take any additional discovery. The government does not oppose an enlargement of time of several weeks, to take several additional depositions.

In view of Mr. Kopel's absence from the district, undersigned counsel has not had the opportunity to discuss with him the scheduling of the additional depositions. Since undersigned counsel does not have the power to, simply, "have the prisoners brought in" the prisoner depositions have been arranged by Mr. Kopel and the FBI agents involved in the case. The identities of the Norwalk Police deponents can only be revealed by informal discussions with Mr. Kopel, or the filing of a motion to compel. As is explained in greater detail below, therefore, Claimant Alqueen Burden seeks additional time to complete outstanding discovery.

### REQUEST FOR PROTECTIVE ORDER

During the depositions of prisoners Lavon Godfrey, Anthony Burden and Willie Prezzie it was learned that several days before the depositions occurred, the government

-3-

and the FBI brought each of the witnesses in to discuss the case and their testimony. As a result, by the time the depositions began, the government had already advised the prisoner deponents (each of whom is testifying for the government pursuant to cooperation agreements) as to the nature of the proceeding (to wit, the government's effort to forfeit the property due to alleged narcotics trafficking relating to the properties) and had solicited the prisoners' statements as to that involvement. Each witness stated that they had been awakened early in the morning and told that they were to be transported to "court." They had no idea where they were going, or for what purpose, until they arrived at the FBI headquarters in Bridgeport, CT. There they were briefed on the subject nature and objectives of the litigation, and then questioned as to their knowledge about the subjects before the court.

Undersigned counsel respectfully requests that the court issue an order requiring the production of the deponents for deposition, without their having been prepared for the deposition by the government. Undersigned counsel does not have the capacity to have the prisoners brought to his office for an interview, and is relegated to the use of the deposition process. Undersigned counsel also does not have the power to have the prisoners brought in for the depositions.

For these reasons, in particular because these witnesses are testifying for the government in expectation of receiving a benefit from the government, the government should not be permitted to provide the witnesses with any advance notice of the type of proceeding, or what the government seeks to accomplish by the proceeding.

Under FRCP § 26(c) the court has the power to restrict or direct discovery in a manner which ensures fairness. This request is squarely within the court's power.

## CONCLUSION

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

      Claimant Alqueen Burden requests that the court enlarge the time for completion of discovery through December 8, 2003. While claimant anticipated requesting the last day of November, undersigned counsel will be unavailable during the last week of November (Thanksgiving week) and AUSA Kopel will not return until November 3, 2003. This leaves little more than the two weeks in the middle of November complete depositions once all of the issues addressed herein have been resolved.

      Finally, Claimant Alqueen Burden requests that the court issue the protective order requested herein.

                              Respectfully submitted,
                              CLAIMANT ALQUEEN BURDEN

By _____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, Connecticut 06880
Tel. No. 203/227-1404
Federal Bar No. CT08969

-5-

## **CERTIFICATION**

    This is to certify that a copy hereof was mailed on October 31, 2003 to the following:

Henry K. Kopel, AUSA
Office of U.S. Attorney
157 Church Street, 23d Floor
New Haven, CT 6510

Julie G. Turbert, AUSA
Office of U.S. Attorney
157 Church Street, 23d Floor
New Haven, CT 06510

John P. Thygerson, Esq.
DePanfilis & Vallerie LLC
25 Belden Avenue
Norwalk, CT 06850

                   _____
                   Robert J. Sullivan, Jr.

-6-

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969