UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 APR 30 P 4: 25

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:01CV1073 (JCH) |
| FOUR PARCELS OF PROPERTY LOCATED AT 28-31 BOUTON STREET, NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | : | |
| Defendants. | : | |
| [CLAIMANT: ALQUEEN BURDEN] | : | |
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:01CV1086 (JCH) |
| ONE PARCEL OF PROPERTY LOCATED AT 27 LINCOLN AVENUE, NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | : | |
| Defendant. | : | |
| [CLAIMANT: ALQUEEN BURDEN] | : | |

<u>ORDER</u>

Based on the parties' Stipulation for Compromise Settlement, it is hereby ORDERED AND ADJUDGED:

1. That the Stipulation for Compromise Settlement ("Stipulated Settlement") entered into by the PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), and the CLAIMANT, ALQUEEN BURDEN ("CLAIMANT"), is hereby APPROVED.

2. That the Stipulated Settlement shall be contingent upon the issuance of the Decree of Forfeiture of the Defendant property in Civil Case No. 3:01CV1073 (JCH), consisting of four parcels of property located at 28-31 Bouton Street, Norwalk, Connecticut, more specifically described in Exhibit 1 to the Stipulated Settlement (hereinafter, "28-31 Bouton Street property"); and that the Court shall promptly issue the Decree of Forfeiture as soon as the necessary basis for its issuance is complete.

3. That promptly following the Court's issuance of the Decree of Forfeiture, the United States Marshals shall make arrangements for the 28-31 Bouton Street property to be offered for sale.

4. That the sale of the 28-31 Bouton Street property shall not be conducted by auction, but instead shall consist of the submission of the property by the U.S. Marshals, through their sub-contractor, to a qualified real estate broker for marketing and sale at fair market value to a qualified buyer. The real estate broker shall arrange to have the property listed on the multiple listings service in marketing the property. The broker's fee agreement shall be a fixed percentage of the sales price.

5. That the UNITED STATES shall do the following upon the sale of the 28-31 Bouton Street property:

   a. If the sale price exceeds $600,000, the UNITED STATES shall, from the net proceeds of the sale, and at the closing of the sale or promptly following the closing, pay the CLAIMANT the dollar amount of the difference between the sale price and $600,000.

b. If the sale price equals or is less than $600,000, the UNITED STATES shall not make any payment to the CLAIMANT.

6. That, upon the Court's issuance of the Decree of Forfeiture with respect to the 28-31 Bouton Street property, the Court shall dismiss the civil action, <u>United States v. One Parcel of Property at 27 Lincoln Ave., et al.</u>, No. 3:01CV1086. Said dismissal shall constitute the United States of America's consent to the CLAIMANT's retaining title and ownership of the property known as 27 Lincoln Ave., Norwalk, Connecticut, more specifically described in Exhibit 2 to this Stipulated Settlement (hereinafter, the "27 Lincoln Ave. property.").

7. That the CLAIMANT shall maintain, through the date when a decree of forfeiture is entered, both the 28-31 Bouton Street property and the 27 Lincoln Ave. property (hereinafter, "the Defendant properties") in the same condition as existed on the date the Stipulation for Compromise Settlement was executed (allowing for ordinary wear), and shall not, nor cause or permit anyone else to, remove, destroy, alienate, transfer, detract from, remodel, or alter in any way either of the Defendant properties or any fixture that is part of either of the Defendant properties, without the express written consent of the UNITED STATES. The term "maintain" shall include, but not be limited to, keeping the property free of hazard and structural defects, keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facility in good working condition, keeping the property clean, performing routine sanitation, waste removal, snow removal, and lawn mowing, and providing other ordinary and necessary routine maintenance.

8. That the CLAIMANT shall maintain, and if necessary initiate, insurance polices with respect to each of the Defendant properties, and shall furnish the UNITED STATES with documentation of all such insurance, as follows. The CLAIMANT shall maintain, through the date

when a decree of forfeiture is entered, casualty and fire insurance equal to the full replacement cost of each property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the property, or activities or conditions thereon.

9. That the CLAIMANT shall not sell, transfer, convey, or liquidate either of the Defendant properties, or cause to be placed on either of the Defendant properties or upon either of the titles to the Defendant properties, any loans, mortgages, liens, or any other encumbrances.

10. That the CLAIMANT shall, with respect to all leased and vacant rental space at the 28-31 Bouton Street property: (1) not issue any new leases, or renew any expired lease, to any tenant or potential tenant, at any time on or after the date when CLAIMANT signs the Stipulation for Compromise Settlement; (2) furnish to the UNITED STATES, at the same time when CLAIMANT conveys to the UNITED STATES an original signed copy of the Stipulation for Compromise Settlement, a complete list of tenants at the 28-31 Bouton Street property and true and correct signed copies of current leases for all of the tenants at the 28-31 Bouton Street property; and (3) if and to the extent requested by the United States Marshals at any time on or after the date when the Stipulation for Compromise Settlement is filed with the Court, immediately issue to any tenant of the 28-31 Bouton Street property, a written notice of termination of lease consistent with the lease term(s) allowing for such notice and termination.

11. That the CLAIMANT's obligations to the United States of America with respect to paragraphs 7 through 10 shall terminate as of the date on which the Court issues the Decree of Forfeiture with respect to the 28-31 Bouton Street property.

12. That the UNITED STATES and the CLAIMANT shall comply with all terms of the Stipulation for Compromise Settlement.

**FILED**

2004 APR 30 P 4: 24

U.S. DISTRICT COURT
BRIDGEPORT, CONN

SO ORDERED this 29th day of April, 2004, at Bridgeport, Connecticut.

_____
HON. JANET C. HALL
UNITED STATES DISTRICT JUDGE