UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|         Plaintiff, | : |
| v. | :   Civil No. 3:01CV1073 (JCH) |
| FOUR PARCELS OF PROPERTY LOCATED AT 28-31 BOUTON STREET, NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, AND | : |
|         Defendants. | :   May 19, 2004 |
| [CLAIMANT: ALQUEEN BURDEN] | : |

MOTION TO STRIKE LESLIE E. MANN'S
CLAIM AND ANSWER FOR LACK OF STANDING

The United States of America (the "United States") hereby moves the Court to strike the claim of Leslie E. Mann ("Mann"), based on his lack of standing. As grounds for this motion, the United States says the following:

Pertinent Facts

This is a civil in rem forfeiture action in which the United States sought to forfeit four parcels of property located at 28-31 Bouton Street in Norwalk, Connecticut (the "Defendant Property"). The United States filed a Verified Complaint of Forfeiture ("Verified Complaint") on June 11, 2001. Among the allegations in the Verified Complaint are that Leslie E. Mann ("Mann") was the owner of a bar known as "Les' New Moon Cafe" located on the premises of the Defendant Property, and that the bar was the scene of extensive narcotics trafficking.

On July 7, 2001, Mann filed a Verified Answer to the forfeiture Complaint and a Claim to the Defendant Property, a copy of which is attached as Exhibit A. In that Verified Answer, Mann described the entirety of his interest in the Defendant Property as follows: "a leasehold interest in the subject property at 28-31 Bouton Street, Norwalk, Connecticut, pursuant to a written lease between [Mann] and Alqueen Burden dated January 4, 2001." Verified Answer at 1, ¶1 under "Claim."

On July 24 and 26, 2001, a post-seizure hearing was held before the Court (Hon. Stefan R. Underhill presiding). On July 24, the United States presented the testimony of several witnesses who supported the allegations in the Verified Complaint. On July 26, the parties returned to Court, where after various colloquies and off-the-record negotiations, they reached and announced an agreement with respect to the Defendant Property. A copy of the pertinent excerpts of the July 26, 2001 transcript is attached as Exhibit B. As stated on the Court record, the parties agreed that, instead of the United States seizing the Defendant Property pending trial, "Mr. Mann's lease will be terminated effective immediately, and . . . no restaurant or bar will operate at that location during the pendency of the civil case . . . ." Mann's attorney, Earl Williams, Esq., specifically confirmed with respect to that agreement, "that this matter's been settled," and that "[t]he matter's been mooted by the settlement." Transcript at 8.[1] Accordingly, Mann's leasehold interest in the Defendant Property was terminated as of July 2001.

---

[1] The cover page to the July 26, 2001 hearing contained a typographical error, listing Mann's attorney, Earl Williams, Esq., as the attorney only for the Defendant Property. Accordingly, we have also attached in Exhibit B the cover page to the July 24, 2001 hearing, which correctly lists Earl Williams, Esq. as counsel for Mann. Also, on October 21, 2003, undersigned counsel took Mann's deposition, at which time Earl Williams, Esq. continued to represent him. However, undersigned counsel was advised some days after the deposition by attorney Williams that he had ceased to represent Mann.

Despite the termination of Mann's lease and his reporting that the matter was "settled" and "moot" within a month of his having filed a Verified Claim, neither the Court's docket nor any other source indicates that Mann formally withdrew his Verified Claim, or that the Court ever dismissed his Verified Claim.

On April 23, 2004, the United States and Claimant Alqueen Burden ("Claimant Burden") entered into and filed with the Court a Stipulation for Compromise Settlement ("Settlement") along with other documents needed to implement the Settlement, including a proposed Decree of Forfeiture. The only matter preventing the implementation of that Settlement, and the issuance of the Decree of Forfeiture, is the failure to resolve the formal status of Mann's Verified Claim.[2]

Argument

Mann lacks an interest in the Defendant Property, and therefore lacks standing to assert a claim in this forfeiture proceeding.

> . . . In order to contest a forfeiture action, an individual must first demonstrate an interest in the seized property sufficient to satisfy the court of h[is] standing as claimant. Standing is a threshold issue; if the claimant lacks standing, the court lacks jurisdiction to consider h[is] challenge of the forfeiture. In forfeiture actions, the burden rests on the claimant to establish standing. Id. Moreover, <u>standing must exist at all stages of a proceeding and not merely when the proceeding is initiated</u>.

---

[2] Undersigned government counsel first learned that Leslie E. Mann's claim had not been formally dismissed or withdrawn, only while drafting the proposed Decree of Forfeiture. At the time undersigned government counsel first became involved in this case, in the late summer of 2003, he was of the mistaken understanding that the only claimant in the case was Alqueen Burden, which view was consistent with the captions on the parties' several docketed court filings.

U.S. v. One 1986 Volvo 750T, VIN No. YV1GX8748G1015250, 765 F. Supp. 90, 91 (S.D. N.Y. 1991) (citations omitted) (emphasis supplied). See also Safir v. Dole, 718 F.2d 475, 481 (D.C. Cir. 1983), cert. denied, 476 U.S. 1206 (1984) ("Standing, since it goes to the very power of the court to act, must exist at all stages of the proceeding, and not merely when the action is initiated or during an initial appeal.").

Mann's lack of an interest in the Defendant Property is apparent from the facts summarized above. Shortly after the United States commenced this forfeiture action, Mann asserted in his Verified Answer that he had an interest consisting of a leasehold. Less than three weeks after making that assertion, Mann's leasehold was terminated by agreement of the parties, and Mann represented through his attorney, with respect to that agreement, that his claim had been settled and rendered moot. The lawful termination of his leasehold deprives him of standing, and therefore his claim must be stricken. See U.S. v. One 1986 Volvo 750T, VIN No. YV1GX8748G1015250, 765 F. Supp. 90 (S.D. N.Y. 1991) (dismissing claim of individual whose vehicle lease was lawfully terminated around time that government commenced forfeiture proceedings against vehicle, based on purported claimant's lack of standing).

The United States believes that Mann's lease termination, and his representation through counsel on July 26, 2001, that the matter was thereby "settled" and "moot", must have been understood by everyone in the hearing that day as a withdrawal of Mann's Verified Claim. Accordingly, the United States also believes that a mere oversight in Court that day resulted in the failure of anyone to formally move to withdraw or dismiss Mann's Verified Claim. The within Motion is an effort to correct that oversight and formally terminate a claim that has no legal basis.

Undersigned government counsel was advised on the morning of Wednesday, May 19, 2004, by the office of Robert Sullivan, Esq., counsel for Claimant Alqueen Burden, that he has no objection to this motion. Undersigned government counsel has been advised by Earl Williams, Esq., former counsel for Leslie E. Mann, that Mr. Williams no longer represents Mr. Mann, and therefore Mr. Williams could not represent any position on this motion.

For the foregoing reasons, the government respectfully submits that the Claim and Answer filed by Leslie E. Mann should be stricken.

                                                Respectfully submitted,

                                                KEVIN J. O'CONNOR
                                                UNITED STATES ATTORNEY

                                                _____
                                                HENRY K. KOPEL
                                                Assistant U.S. Attorney
                                                157 Church Street, 23d Floor
                                                New Haven, CT  06510
                                                (203) 821-3769
                                                Federal Bar # ct24829

## CERTIFICATE OF SERVICE

This is to certify that I caused a copy of the foregoing to be sent by first class mail, postage prepaid, on this 19th day of May, 2004, to:

Mr. Leslie E. Mann
28 Lexington Ave.
Norwalk, CT 06854

Earl I. Williams, Esq.[3]
129 Church Street
Suite 505
New Haven, CT 06510
(Former counsel for Leslie E. Mann)

Robert Sullivan, Jr. Esq.
Law Offices of Robert Sullivan
190 Main Street
Westport, CT 06880
(Counsel for Alqueen Burden)

John P. Thygerson, Esq.
DePanfilis & Valleris LLC
25 Belden Avenue
Norwalk, CT 06850
(Counsel for Alqueen Burden)

_____
Assistant U.S. Attorney

---

[3] Although Mr. Williams recently advised undersigned counsel that he had ceased to represent Mr. Mann - and that to his understanding, Mr. Mann was no longer represented in this matter - this is being served upon Mr. Williams because he formerly served as counsel to Mr. Mann with respect to this claim that the government now seeks to have dismissed.

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL NO. 301CV1073 sru |
| V. | : | |
| FOUR PARCELS OF PROPERTY LOCATED AT 28-31 BOUTON STREET: NORWALK, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, AND | : | JULY 7, 2001 |
| Defendants | : | |
| [CLAIMANT: ALQUEEN BURDEN] | : | |

## VERIFIED ANSWER

1. As to paragraphs 1, 2, 3, 4, 7 and 9 of the Complaint are admitted.

2. As to paragraphs 5, 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47, the claimant has insufficient knowledge to form a belief and leaves the government to its proof.

## CLAIM

Claimant, Leslie E. Mann, respectfully represents:

1. He has a leasehold interest in the subject property at 28-31 Bouton Street, Norwalk, Connecticut, pursuant a written lease between himself and Alqueen Burden dated January 4th, 2001.

2. The subject property is not subject to forefetiure because he at all times alleged in the complaint was an innocent owner within the meaning of §21 U.S.C. §881(a)(7).

## AFFIRMATIVE DEFENSE

JUL 12 2004 03:04PM   Case 3:04-cv-01073-JCH   Document 78   Filed 05/20/2004   Page 9 of 16   p.5

1. At all times referred to in the Complaint, claimant was an innocent owner within the meaning of 21 U.S.C. §881(a)(7).

2. If the narcotics activity occurred as alleged in the complaint, such activity was without his knowledge and without his consent. See 21 U.S.C. §881(a)(7), United States v 755 Forest Road, 985 F.2d 70,72 (2.d Cir. 1993); United States v. Two Parcel of Properties located at 19-25 Castle Street, New Haven, CT., 31 F.3d 35,39.

CLAIMANT
LESLIE E. MANN

BY:_____
Earl I. Williams
Rebecca L. Johnson
129 Church St., Suite 505
New Haven, CT 06510
203-772-3046
Federal #

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid to the following individuals on July 9, 2001:

David Sullivan, Esquire
United States Attorney's Office
157 Church Street
23rd Floor
New Haven, CT 06510


BY:_____
        Earl I. Williams
        Rebecca L. Johnson

# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
UNITED STATES OF AMERICA,      .   Docket No. 3:00-CR-01253
                               .   (SRU)
              Plaintiff,       .
                               .   Bridgeport, Connecticut
         v.                    .   July 24, 2001
                               .
PROPERTY AT 28 TO 31 BOUTON    .
                               .
STREET, NORWALK, CONNECTICUT,  .
                               .
              Defendant.       .
. . . . . . . . . . . . . . . .

                       POST-SEIZURE HEARING
            BEFORE THE HONORABLE STEFAN R. UNDERHILL
              SENIOR UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Office of the U.S. Attorney<br>By:  DAVID X. SULLIVAN, ESQ.<br>157 Church Street<br>New Haven, Connecticut 06510 |
| For Defendant Property: | By:  ROBERT SULLIVAN, ESQ.<br>190 Main Street<br>Westport, Connecticut 06880 |
| For Claimant AlQueen Burden: | DePanfilis & Vallerie<br>By:  JOHN P. THYGERSON, ESQ.<br>25 Belden Avenue<br>P.O. Box 699<br>Norwalk, Connecticut 06852 |
| For Claimant Leslie Mann: | By:  EARL I. WILLIAMS, ESQ.<br>129 Church Street, Ste. 505<br>New Haven, Connecticut 06510 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**BOWLES REPORTING SERVICE**
2 Chapman Lane, Suite 1-E, Gales Ferry, Connecticut
**(860) 464-1083**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

THE UNITED STATES OF AMERICA,  .  Case Number 3:01-CV-01073
                               .  (SRU)
          Plaintiff,           .
                               .  Bridgeport, Connecticut
     v.                        .  July 26, 2001
                               .
FOUR PARCELS OF PROPERTY AT    .
                               .
28 TO 31 BOUTON STREET,        .
                               .
NORWALK, CONNECTICUT,          .
                               .
          Defendant.           .
 . . . . . . . . . . . . . . .

          EXCERPT OF POST-SEIZURE HEARING
     BEFORE THE HONORABLE STEFAN R. UNDERHILL
            UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Plaintiff:          Office of the U.S. Attorney
                            By:  DAVID SULLIVAN, ESQ.
                            157 Church Street
                            New Haven, Connecticut 06510

For the Defendant Property: Law Offices
                            By:  EARL WILLIAMS, ESQ.
                            129 Church Street
                            New Haven, Connecticut 06510

For Claimant Burden:        Law Offices
                            By:  ROBERT SULLIVAN, ESQ.
                            190 Main Street
                            Westport, Connecticut 06880

For Claimant Mann:          Law Offices
                            By:  JOHN THYGERSON, ESQ.
                            25 Belden Avenue
                            Norwalk, Connecticut 06852

Official Court Monitor:     MS. MARIA CORRIETTE

---

                    **BOWLES REPORTING SERVICE**
       2 Chapman Lane, Suite 1-E, Gales Ferry, Connecticut 06335
                         (860) 464-1083

2

```
 1                       *   *   *
 2                     AFTER RECESS
 3         THE COURT:  Counsel have anything to report?
 4         MR. ROBERT SULLIVAN:  We do, Your Honor.
 5         Speaking on behalf of, I believe, all parties, and
 6  I'm sure they'll let me know if I err, we've -- Claimant
 7  AlQueen Burden has entered into an agreement with the
 8  government that the -- that Mr. Mann's lease will be
 9  terminated effective immediately, and that no restaurant or
10  bar will operate at that location during the pendency of the
11  civil case, subject to further order of the Court, so that if
12  they did want to open up some form of restaurant or bar they
13  would -- and they couldn't work it out with the government,
14  they would come to the Court seeking relief.
15         It is my understanding that that is the agreement
16  between the government and Claimant Burden and I believe that
17  Mr. Mann is not going to challenge that agreement, so --
18         THE COURT:  All right.  Let me just have other
19  counsel confirm that they're in agreement with the statement
20  just made.
21         UNIDENTIFIED SPEAKER:  That's correct, Your Honor.
22         THE COURT:  All right.
23         MR. DAVID SULLIVAN:  Yes, Your Honor, the government
24  agrees to that arrangement.
25         THE COURT:  All right.  Good.
```

1         Let me say I appreciate counsel's efforts.  I know
2    it probably was not easy, and yet I think this is a good
3    outcome.  I think that the government's interest has been
4    served, Ms. Burden's interests have been served.  She gets her
5    property back, in effect, with some restrictions.
6         I'm sure Mr. Mann is perhaps not especially happy,
7    but at least he avoids the expense associated with the lease,
8    and presumably he is free to go elsewhere and do what he needs
9    to do to earn a living without having those expenses hang over
10   his head.
11        So I think it's a good result for everyone and I
12   think it's consistent with the spirit both of the statute --
13   forfeiture statute and the Good (phonetic) case that this
14   resolution's been reached.
15        I want to suggest to everyone that, I suppose
16   especially Ms. Burden, that it's important, in light of the
17   proceedings that have gone on and the fact that this matter is
18   still continuing, that you take every effort to make sure that
19   that property is -- does not return to a situation where the
20   government's gonna come back into court because obviously the
21   matter is not over, it's -- I think it's reached a good point
22   in that hopefully you can get back on your feet, but I don't
23   want to -- and I'm sure you don't want to be in a situation
24   where we're back here with similar arguments and similar
25   testimony and so forth because the property has somehow

8

1  understand government's preference would be to have a finding
2  that would, in effect, preclude any liability, but I'm not
3  gonna make a finding just for that purpose, and one is not
4  necessary, given the stipulation.  So I think I'll leave it
5  where it is.
6         MR. DAVID SULLIVAN:  Your Honor, the government
7  appreciates Claimant Burden's attorney's representations to
8  the Court, but we'd only ask that -- could the Court inquire
9  as to what the position Claimant Mann's attorney's are at this
10 time, if they have one?
11        THE COURT:  Yeah, that's -- I think that's
12 appropriate.
13        Mr. Williams, I take it that you acknowledge that
14 this matter's been settled and there's no need for a probable
15 cause or --
16        MR. WILLIAMS:  That's correct.
17        THE COURT:  Determination --
18        MR. WILLIAMS:  (Inaudible) moot now.
19        THE COURT:  Right.  The matter's been mooted by the
20 settlement; is that right?
21        MR. WILLIAMS:  Yes.
22        THE COURT:  Yeah.  Okay.  I think we're --
23        MR. DAVID SULLIVAN:  Thank you, Your Honor.
24        THE COURT:  -- we're all --
25        MR. DAVID SULLIVAN:  The government appreciates the